PEOPLE ex rel. LESTER v. COLER et al.

(Supreme Court, Appellate Division, First Department. December 8, 1899.)

1. MUNICIPAL CORPORATIONS—STREET IMPROVEMENT—DAMAGES—ASSESSMENT—EFFECT.

A board of assessors, in assessing damages for a street improvement, after a hearing and inspection of the premises, entered an award, but, before the proceedings were completed, the board was superseded by a new one, which, on a subsequent hearing, at which claimant appeared and presented evidence, refused to allow relator any damages. *Held* that, since the award of the previous board had not ripened into a judgment before it was succeeded by the new board, it was not binding on the latter.

**2. SAME—NOTICE.**

An assessment of damages for a street improvement will not be disturbed because of defects in the notice requiring claimants to appear before assessors, where claimant was not misled thereby, but appeared pursuant to the notice.

**· 8. SAME—REOPENING FOR FURTHER EVIDENCE.**

Assessors of damages for a street improvement, who have considered all the evidence presented by a claimant before making their award, are not required to reopen the matter to hear further evidence.

Certiorari by the people, on relation of Elizabeth W. Lester, against Bird S. Coler, comptroller, of the city of New York, to review the action of the boards of assessment and revision in declining to award relator damages alleged to have been sustained by a change of a street grade. Dismissed.

Argued before VAN BRUNT, P. J., and McLAUGHLIN, PATTERSON, O'BRIEN, and INGRAHAM, JJ.

W. H. Peirce, for relator.
George L. Sterling, for respondents.

VAN BRUNT, P. J. This writ was obtained for the purpose of reviewing the action of the board of assessors and the board of revision for failure to make an award to the relator because of a change of grade in Wales avenue at the corner of St. Joseph's street, where was located a parcel of land belonging to the relator. It appears that on the 4th of March, 1897, the then board of assessors gave notice in the City Record for the presentation of claims for damages by reason of change of grade on said avenue, and of the time and place of hearing thereon. The relator presented a claim for $3,500 damage to her property, and offered evidence in support thereof, and was heard thereon on the 16th and 23d of September, 1897. The board of assessors visited and inspected the premises in question, and on the 31st of December, 1897, caused to be entered on the minutes certain awards for damages to claimants by reason of change of grade on said avenue. They awarded to the relator the sum of $1,242.38. The petition alleges "that the present board of assessors, consisting of Edward McCue, Edward Cahill, Thomas A. Wilson, John Delmar, and Patrick M. Haverty, were appointed under the charter of New York before the former board had completed the apportionment in said proceeding" (the charter of New York City going into effect on the 1st of January, 1898), "and that the apportionment has been completed by the present board, the former board consisting of Thomas J. Bush, Chairman, said Patrick Haverty, John W. Jacobus, and said Edward McCue"; thus two members of the old board remaining in office. The petition further alleged that a notice was received on the 26th of February, 1898, that there would be a hearing before the board on the 1st of March, 1898, to consider the claims for damages filed to the proposed assessment; that her attorney appeared at the hearing, and was then and there heard by said board on the relator's claim, and said counsel stated to the board that he wanted and expected to be heard by said board, and to present other evidence of the damage suffered by the relator and other claimants in

said proceeding after said board should have made up the list of awards and assessments, and published the usual notice for objections thereto should the awards or assessments be unsatisfactory to the petitioner; thus conceding that the question in regard to the awards was still open, that it had not been completed by the former board, and that it was a proper subject of action by the present board, and to be determined by the conclusion at which they should arrive. The board thereupon, upon considering the evidence taken, and upon an examination of the premises, refused to make any award to the relator, and, having completed and lodged in the office of the board of assessors their assessment list, on the 31st of March published a notice for the hearing of objections on or before the 3d of May, 1898. On the 14th of April, 1898, the relator made and presented objections in writing in said proceeding to the refusal of the board to make any award for damage to her said premises. On the 26th of April, at a meeting of said board, her attorney, on behalf of relator and other claimants, requested the board to grant him a hearing, and an opportunity to present other evidence in support of her claims, and the board then declined to fix any time for such hearing. The petition further alleges that on the 6th of May, 1898, she made another application for a hearing, and an opportunity to present evidence to such board in support of the damage suffered by her, which was refused; and on the 23d of June the attorney appeared at a hearing before the board of revision, stating his case, and requesting to be heard at length, and that the assessment list be returned to the board of assessors for further consideration. The board of revision proceeded, and confirmed the said assessment list, which was entered of record in the bureau of arrears of taxes and assessments on the 23d of June, 1898. The relator thereupon brought this writ of certiorari.

It is claimed upon the part of the relator that the determination of the former board was in the nature of a judgment in favor of the relator, and could not be affected or set aside by the present board of assessors. Upon the facts alleged in her own petition, it is apparent that this position is not well taken. It appears from such allegations that the matter was never completed, that only steps had been taken towards arriving at a conclusion, and that there had been no determination up to the time when the new board went into office. The proceeding was, therefore, open for the new board to act upon. Their judgment could not be bound by a tentative determination of the previous board, which had not ripened into a judgment. And that this was the understanding of the relator is clear from the fact of her appearing before the new board without objection; all that she insists upon being that, in case the new board should make an award not satisfactory to her, she should be allowed to present additional evidence. It is claimed that the determination of the board of assessors was nugatory because of some defect in the notice requiring the objectors to appear before them. It is evident that, if there were any such defects, the relator was not misled by them. She understood the notice, and was present before the board in pursuance thereof, and it

was sufficient to call her attention to the matters which were being determined. It is a familiar principle in regard to notices of this description that, unless they are calculated to and do mislead, any apparent insufficiency which does not in reality deprive the party to be affected of notice must be disregarded. It seems to be quite clear that the board of assessors were not obliged to reopen the case at the request of the relator because she was dissatisfied with the proposed award. The evidence had all been taken and considered prior to the making of the award. No demand or claim was made on the part of the relator that she had not given all the evidence which she desired upon the question. She could not wait, and speculate as to what the judgment of the board would be, before she determined as to whether she had completed her case or not. The board of assessors, having taken all the evidence offered, and having duly considered that evidence, were not obliged to reopen the case because the award was not satisfactory to the relator.

It does not seem necessary to consider at length the other objections raised by the relator. Upon the whole case, we are of opinion that the writ should be dismissed, with costs. All concur.